IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARREN PARKER,**                          :
       Petitioner,                          :          CIVIL NO. 1:CV-04-2626
                                            :
v.                                          :          (Judge Kane)
                                            :
**Superintendent ERICKSON, et al.,**        :
       Respondents.                         :

## M E M O R A N D U M

### I.   Introduction

Petitioner, Darren Parker, an inmate currently incarcerated at the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania ("SCI-Retreat"), commenced a petition for writ of habeas pursuant to 28 U.S.C. § 2254. Petitioner claims that the sentencing judge abused his discretion and imposed an illegal sentence. The petition is ripe for disposition. For the following reasons, the petition will be dismissed.

### II.   Background

The facts are undisputed.[1] On April 11, 1989, Petitioner pled nolo contendere to the offenses of robbery and criminal conspiracy. As a result of his plea, Petitioner was sentenced to consecutive prison terms of five (5) to ten (10) years on the robbery charge, and one (1) to ten (10) years on the conspiracy. A motion to modify and reconsider the sentence was denied. On direct appeal, the Pennsylvania Superior Court affirmed the sentence on the conspiracy charge, but the Court remanded for re-sentencing on the robbery charge. (Doc. 12, Ex. A at 5.) Petitioner claims that the judicial abuse of discretion occurred in this re-sentencing.

---

[1] Unless otherwise noted, the facts are reiterated from the Pennsylvania Superior Court's Memorandum and Order filed January 31, 1990 (Doc. 12, Ex. A) and from the response to the habeas petition (Doc. 12). 28 U.S.C. § 2248.

In 1992, Petitioner filed a petition for relief under Pennsylvania's former post conviction statute, and the Court appointed counsel to represent Petitioner in the proceedings. After reviewing the petition, counsel concluded that there were no issues of arguable merit, and he advised the Court and Petitioner accordingly. After independent review, the Court concurred, and the petition was dismissed. There is no indication in the record that Petitioner appealed the dismissal.

On April 26, 2004, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq., and the petition was dismissed as untimely on August 24, 2005. Petitioner did not appeal the dismissal. Further, Petitioner had filed a mandamus petition to the Pennsylvania Supreme Court, and the mandamus petition was dismissed as untimely on October 25, 2004. The instant petition ensued. Respondent argues that the present action should be dismissed as untimely. The court agrees.

**III.   Discussion**

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Title I of the AEDPA consists of the Habeas Corpus Reform Amendments ("1996 Amendments"). Under the 1996 Amendments, Petitioners must demonstrate the following elements before a federal court may consider a habeas petition: (1) state remedies have been exhausted, and (2) the petition was filed within the statutory deadline. "[T]he statute of limitations (which is the issue before us in this case) and the exhaustion doctrine (which is not) impose entirely distinct requirements on habeas petitioners; both must be satisfied before a federal court may consider the merits of a petition." Sweger v. Chesney, 294 F.3d 506, 518 (3d Cir. 2002) (quoting Tillema v. Long, 253 F.3d 494, 502(9th Cir. 2001)).

The provisions of § 2244(d)(1) impose a one-year statute of limitations on all habeas applications by persons "in custody pursuant to the judgment of a State court . . .", which runs from "the latest of -- (A) the date on which the judgment became final . . . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Under the provisions of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Moreover, for prisoners convicted prior to enactment of the AEDPA, the one-year period does not begin to run until April 24, 2996, the effective date. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004).

Since the second PCRA and the mandamus petitions were both dismissed by the trial court as untimely, they did not toll the one-year statute of limitations. See Schlueter v. Varner, 384 F.3d 69, 73 (3d Cir. 2004) (untimely petition for collateral relief does not toll statute of limitations). Moreover, because Petitioner's direct appeal and his first PCRA petition were concluded prior to enactment of the AEDPA, the latest possible date for the statute of limitations in this case would have been April 24, 1997, one year after the effective date of the statute. Douglas, 359 F.3d at 261. Thus, by the time his current petition was filed in this Court, on December 6, 2004, the one-year limitations period had long since expired. While the AEDPA's limitations period is subject to equitable tolling in certain limited circumstances, Miller v. New Jersey State Dep't. of Corrections, 145 F.3d 616, 620 (3d Cir. 1998), the record of this is devoid of facts that warrant extending the

3

deadline for Petitioner to file in this Court.  Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  An appropriate order follows.

**IV.    Order**

**AND NOW, THIS 31st   DAY OF JANUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely, pursuant to the provisions of 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Courts is directed to mark this case **CLOSED**.

3. Based upon the foregoing, there is no basis for issuance of a certificate of appealability.

                    S/ Yvette Kane
                    YVETTE KANE
                    United States District Judge